**Marco Antonio GALDINO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72451.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed May 19, 2008.

Kari E. Hong, Law Offices of Kari E. Hong, Portland, OR, for Petitioner.

District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Lindsay B. Glauner, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

Before: TALLMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

1. We lack jurisdiction to review the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of Marco Galdino's (Galdino) untimely asylum application. 8 U.S.C. § 1158(a)(3). Any potential constitutional claims presented by the petition remain unexhausted. 8 U.S.C. § 1252(d)(1). Galdino's claim that "extraordinary circumstances" justified the untimely asylum application requires us to decide disputed questions of fact. We therefore dismiss this portion of Galdino's petition. See *Ramadan v. Gonzales*, 479 F.3d 646, 650–654 (9th Cir.2007) (per curiam).

2. We deny Galdino's petition for review of the BIA's decision affirming the IJ's denial of Galdino's application for withholding of removal. Substantial evidence supports the BIA's and IJ's findings that Galdino failed to establish a "clear probability of persecution." *See Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir.2004). Galdino failed to establish that it is "more likely than not" that he would be persecuted if forced to return to Brazil. *Popova v. INS*, 273 F.3d 1251, 1260 (9th Cir.2001). We therefore deny this portion of Galdino's petition.

3. Substantial evidence supports the BIA's and the IJ's denial of relief under CAT. Galdino failed to demonstrate that "it is more likely than not that he ... would be tortured" with the acquiescence of the Brazilian government. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.

2003) (citations omitted). We therefore deny this portion of Galdino's petition.

**DISMISSED IN PART and DENIED IN PART.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.